**In re William Orville BOWEN, Sarah Williams Bowen, Debtors.**

**Flossie WEILL, Trustee, Plaintiff,**

**v.**

**SOUTHERN CREDIT UNION, Defendant.**

**Bankruptcy No. 1–79–01434.**
**Adversary Proceeding No. 1–79–0019.**

United States Bankruptcy Court,
E. D. Tennessee.

April 24, 1980.

Kyle R. Weems, Chattanooga, Tenn., for plaintiff/trustee.

David W. Norton, Chattanooga, Tenn., for defendant.

## MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

This cause came on to be heard in open court on January 22, 1980, upon the complaint of plaintiff against defendant under 11 U.S.C. § 547 and the answer of defendant. The court heard proof and considered exhibits filed in this adversary proceeding, as well as claims filed in the bankruptcy case by defendant credit union.

In October of 1978, the debtors executed two notes to the defendant. The notes provided for repayment in monthly installments beginning on November 16, 1978.

On October 11, 1979, the debtors filed a petition in bankruptcy. They had been making regular installment payments to the defendant for almost a year. Regular monthly installment payments, totaling $983.82, were made by payroll deductions within 90 days before the debtors filed their petition.

The plaintiff, trustee of the debtors' bankruptcy estates, contends that the payments were preferential transfers recoverable by him under 11 U.S.C. § 547(b). That section provides that the trustee may avoid a transfer of property of the debtor

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt;

(3) made while the debtor was insolvent;

(4) made within 90 days before the date of filing of the bankruptcy petition, and

(5) that enables the creditor to receive more than it would receive in a Chapter 7 liquidation if the transfer had not been made.

From the proof and the entire record the court finds all five elements of a preferential transfer. The transfer may be avoided unless it is one of the types excepted by § 547(c).

Southern Credit Union contends the payment is within the exception specified by § 547(c)(2), which provides:

"(c) The trustee may not avoid under this section a transfer—

"(2) to the extent that such transfer was—

"(A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;

"(B) made not later than 45 days after such debt was incurred;

"(C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

"(D) made according to ordinary business terms;"

Collier on Bankruptcy 15th ed., Para. 547.38, states that payment of a debt in the ordinary course of business within forty-five (45) days after it was *incurred* will not effect a preference. The legislative history, particularly House Report No. 95–595, U.S. Code Cong. & Admin.News 1978, p. 5787, is in accord. The key word is when a debt is "incurred".

The exception of § 547(c)(2) is discussed by Richard B. Levin in *An Introduction to*

*the Trustee's Avoiding Powers*, 53 Am. Bankr.L.J. 173, 187 (1979). The comment is particularly significant since Mr. Levin was on the House Judiciary Committee staff that drafted the Code.

Mr. Levin discusses the intent of the second exception (§ 547(c)(2)) which was relied upon by defendant. At page 186, Mr. Levin says:

The second exception to the preference section insulates ordinary trade credit transactions that are kept current. The requirements of the exception are that the incurring of the credit and the payment both be made in the ordinary course of business of the debtor and the creditor, that the transaction be according to ordinary business terms, and that the debtor's payment to the creditor be made not later than 45 days after the debt was incurred.

Forty-five days was selected as a normal trade credit cycle. For example, a normal trade credit transaction might be as follows: supplier ships goods during month 1 and sends his bill to the debtor at the end of the month or the very early part of the following month. Normally, that bill would become due, or will be payable in the debtor's ordinary course of business, by the 10th of month 2. If it is paid by the 15th, then there will be no question that the entire transaction—incurring of the credit and the payment—took place within 45 days.

Congress has not defined when a debt is incurred. In the preceding example, of course, there is no question. However, if the supplier's bill were paid toward the end of month 2, the supplier/creditor might argue that the debt was not incurred until the invoice was sent, thus bringing the payment within the 45-day period. Congress's intent seems to be to the contrary. For the purposes of this exception, the debt is incurred when it becomes a legally binding obligation on the debtor. Thus, when the goods are shipped, the debtor becomes liable for the payment, and the debt is incurred. This is supported by Congress's selection of the 45-day period: Congress treated as nonpreferential an ordinary-course payment of trade credit in the first 15 days of the month following the month in which the goods were shipped or services performed.

The exception was not intended to cover the kind of transaction which is before the court. What the exception does is define a special class of "contemporaneous" exchanges. Compare 11 U.S.C. § 547(c)(1).

In the present case the debtors had received the full consideration and were obligated to the defendant for the full amount for more than 45 days before the payments in question. It was not a "contemporaneous" transaction. The debt was incurred in October 1978. The installment payments in question were made in July, August and September of 1979, which is more than 200 days after the debt was incurred.

Thus, the sums paid by debtors to defendant within ninety (90) days of October 11, 1979, constitute preferential payments within 11 U.S.C. § 547. Plaintiff is entitled to have and recover $983.82 from defendant.

This memorandum constitutes findings of fact and conclusions of law. Rule 752, Bankruptcy Rules.