**In re Ralph L. KEELING and Kathleen J. Keeling, Debtors.**

**William I. KAMPF, as Trustee of Ralph L. Keeling and Kathleen J. Keeling, Plaintiffs,**

**v.**

**POSTAL FINANCE, Defendant.**

**Bankruptcy No. 3–80–1688.**
**Adv. Proceeding No. 80–0322.**

United States Bankruptcy Court, D. Minnesota, Third Division.

May 26, 1981.

William I. Kampf, St. Paul, Minn., for trustee-plaintiff.

John B. Bellows, Jr., St. Paul, Minn., for defendant.

JOHN J. CONNELLY, Bankruptcy Judge.

The above-entitled matter came on for trial as scheduled on March 4, 1981. William I. Kampf, attorney at law, appeared on behalf of the Trustee in these proceedings. The Defendant, Postal Finance, was represented by John B. Bellows, Jr., attorney at law.

The Court having considered the evidence and testimony received at the trial and upon the arguments of counsel and briefs, now makes the following Findings of Facts:

1. On October 2, 1980 Debtors Ralph L. Keeling and Kathleen J. Keeling filed a Voluntary Petition in Bankruptcy in the United States District Court, Third Division, District of Minnesota.

2. Postal Finance was scheduled as an unsecured creditor with a claim in the amount of $3,017.00 in said bankruptcy. The claim was based upon an installment loan dated May 16, 1979 between Debtors and Defendant.

3. Debtors paid each monthly installment of $142.00 on said loan as it came due prior to Debtors filing bankruptcy on October 2, 1980.

4. The installments due under said installment loan were due on the first day of each month, but were not treated as late payments until the tenth day of each month. The August payment was received August 7, 1980 and the September payment was received September 3, 1980.

5. On December 18, 1980 Trustee commenced an action to avoid the Bankrupts monthly installment payments for August and September, 1980 as voidable preferences pursuant to 11 U.S.C. Section 547(b).

The issue presented in this case is whether or not the installment payments made by the Debtors are excepted under Section 547(c)(2) of the Bankruptcy Code from treatment as avoidable preferences. Section 547(c)(2) provides that a Trustee may not avoid a transfer—

(2) To the extent that such a transfer was—

"(A) In payment of a debt incurred in the ordinary course of business or financial affairs of the Debtor and the Transferee;

"(B) Made not later than 45 days after such debt was incurred;

"(C) Made in the ordinary course of business or financial affairs of the Debtor and the Transferee;

"(D) Made according to ordinary business terms," 11 U.S.C. 547(c)(2)

Defendant Postal Finance Company contends that a debt is considered "incurred" as each monthly installment came due and thus payments in question would not constitute preferences since they were made within forty-five days of the due date. While this Court sympathizes with the position of Postal Finance in this fact situation, it is this Court's judgment that Congress intended the phrase here involved to relate only to the date the debtor originally undertook the obligation to pay the debt in question; that is, the date the promissory note was signed. It is not contested here that the creditor had any indication of financial trouble on the part of the Debtors. There was no indication that the Debtors were sliding into bankruptcy, nor was there any unusual action by the Defendant. These matters are irrelevant under the new Code. The Court recognizes that the transfers in question were made in the ordinary course of both the Debtors' and the transferee's financial affairs, according to ordinary business terms and substantially at the time the payments were due to be made, but nevertheless these payments fall victim to the changes of the 1978 Bankruptcy Reform Act and constitute preferential transfers which the trustee may set aside.

One marked change established by Section 547 of the new Code is the elimination of the requirement that a transfer may be voidable as a preference only if the transferee has "reasonable cause to believe that the debtor is insolvent." (Bankruptcy Act of 1898 Section 60(b).) This defense

present under the old act in the present situation may have been sufficient to sustain a determination by the Court that the transfers now before it were not preferential transfers. However, as noted above, the Bankruptcy Code amends preference section of the old act and the requirement that the trustee in order to avoid a transfer show reasonable cause to believe that the debtor is insolvent has been eliminated, thus making it easier for the trustee to establish a preferential transfer. While Postal Finance may be correct in its assertion that Congress never intended the type of result this Court is now ordering, it is the only result that can be reached by this Court on this fact situation under the law as it is presently written.

ACCORDINGLY, IT IS ORDERED

1. That the payments by the Debtors under dates of August 7, 1980 and September 3, 1980 to Postal Finance in the total sum of $284.00 are voided and set aside.

2. Postal Finance shall forthwith turn over to William I. Kampf, the duly appointed qualified and acting trustee in the above-entitled case, the sum of $284.00, representing the payments to Postal Finance by the Debtors, determined by this Court to be preferential transfers within the meaning and intendment of Section 547(b) of the Bankruptcy Code (11 U.S.C. Section 547(b)).