In the Matter of Francis J. DONNY, d/b/a Donny Farms, Debtor.

Ronald B. PASKIN, Trustee, Plaintiff,

v.

FIRST NATIONAL BANK OF MONROE, Defendant.

Adv. No. 81–0012.

United States Bankruptcy Court, W. D. Wisconsin.

June 2, 1981.

Ronald B. Paskin, Madison, Wis., for Ronald B. Paskin, trustee, plaintiff.

Rudolph F. Regez, Regez & Callahan, Monroe, Wis., for First National Bank of Monroe, defendant.

OPINION

ROBERT D. MARTIN, Bankruptcy Judge.

Francis J. Donny executed a note to the First National Bank of Monroe on February 25, 1980, which provided for monthly payments of $4,000 each beginning on April 1, 1980. Donny made a regular monthly installment payment on August 25, 1980. On November 7, 1980, Donny filed a petition in bankruptcy. Ronald Paskin was appointed trustee of the debtor's estate.

Paskin contends that the $4,000 payment made by Donny on August 25, 1980, to the First National Bank of Monroe is a preferential transfer pursuant to 11 U.S.C. § 547(b) and is recoverable by him as trustee. The Bank contends that the payment fits within the exception in 11 U.S.C. § 547(c)(2) and may not be recovered by the trustee. As no facts were in dispute, the issue was presented to the court on briefs.

Preferential transfers are defined by 11 U.S.C. § 547(b) which states:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The parties agree that the $4,000 payment made on August 25, 1980, is by definition a preferential transfer. However, not all such transfers are voidable by the trustee. The Bank contends that the exception to the trustee's voiding power set out in 11 U.S.C. § 547(c)(2) applies in this case. Section 547(c)(2) states:

(c) The trustee may not avoid under this section a transfer—

(2) to the extent that such transfer was—

(A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made not later than 45 days after such debt was incurred;

(C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(D) made according to ordinary business terms . . . .

The Bank suggests the proper reading of the exception section should require compliance with subsections (A) and (B) or compliance with subsections (C) and (D). The Bank contends that all four elements are not required to meet the terms of the exception. The case law does not support that interpretation. In discussing § 547(c)(2), Judge Bernard stated:

This exception is composed of four elements, all of which must be present if it is to operate in favor of the creditor. *In Re Gulf States Marine*, 6 B.C.D. 79, 80, 1 C.B.C.2d 650 (W.D.La.1980).

Similarly in *In Re McCormick*, 6 B.C.D. 889, 891, 5 B.R. 726, 2 C.B.C.2d 1145 (N.D.Ohio 1980), Judge White stated:

An otherwise preferential transfer must satisfy all four elements of Section 547(c)(2) to qualify for the exception.

A drafter of the Code, Richard Levin, stated in "An Introduction to the Trustee's Avoiding Powers," 53 Am.Bankr.L.J. 173 (Spring 1979) that:

The second exception to the preference section insulates ordinary trade credit transactions that are kept current. The requirements of the exception are that the incurring of the credit and the payment both be made in the ordinary course of business of the debtor and the creditor, that the transaction be according to ordinary business terms, and that the debtor's payment to the creditor be made not later than 45 days after the debt was incurred.

The exception found in § 547(c)(2) requires all four elements, (A) through (D), to be satisfied in order to prevent avoidance of a preferential transfer of § 547(b).

The trustee concedes that the requirements of § 547(c)(2)(A), (C) and (D) have been satisfied. However, he argues that the $4,000 payment was made more than 45 days after the debt was incurred on February 25, 1980, and that time is essential to § 547(c)(2)(B). The Bank has contended that each installment is a separate obligation and that timely paid installments can never constitute preferences.

In *In Re McCormick*, 6 B.C.D. 889, 891, 2 C.B.C.2d 1145, 5 B.R. 726 (N.D.Ohio 1980), the court found an installment debt was incurred on "the date on which the debtor originally assumes a legal obligation to pay." In a case to set aside payments on installment notes as preferences, the court found the § 547(c)(2) exception was not applicable. The court found the debt was incurred at the time the debtors had received the full consideration; installment payments made more than 45 days after that time did not meet the requirement of § 547(c)(2)(B). *In Re Bowen*, 6 B.C.D. 254, 3 B.R. 617, 1 C.B.C.2d 1090 (E.D.Tenn.1980). This case reflects both the reasonable clear meaning of the time the "debt was incurred" and the apparent intention of the drafters of the Bankruptcy Code.

Donny incurred this debt to the Bank on February 25, 1980. Any payments made after April 10, 1980, would have been made more than 45 days after the debt was incurred. The payment made August 25, 1980, was not made within 45 days of the time the debt was incurred and, therefore, does not fit within the exception of § 547(c)(2). The $4,000 payment made August 25, 1980, was a preferential transfer which is recoverable by the trustee under § 547(b).

Upon the foregoing which constitute my findings of fact and conclusions of law, it is hereby

ORDERED that the defendant, First National Bank of Monroe, turn over Donny's August 25, 1980, payment to the trustee, Ronald Paskin.