**In re Wendell CHANCELLOR, Martha Chancellor, Debtors.**

**Phillip G. ABSHIER, Trustee, Plaintiff,**

v.

**U. S. LIFE CREDIT COMPANY, Defendant.**

**Bankruptcy No. 4–81–00102.
Adv. No. 4–81–0049.**

United States Bankruptcy Court,
W. D. Kentucky.

April 27, 1982.

W. Gordon Iler, Owensboro, Ky., for defendant.

Phillip G. Abshier, Owensboro, Ky., trustee-plaintiff.

## MEMORANDUM AND ORDER

STEWART E. BLAND, Bankruptcy Judge.

This bankruptcy case comes before the Court on complaint of the trustee seeking to recover property transferred to U. S. Life Credit Company (U. S. Life), a creditor, as a voidable preference pursuant to § 547 of the Bankruptcy Code, 11 U.S.C. § 547.

The facts pertinent to the issue before the Court are evidenced by a joint stipulation of fact filed of record and may be briefly recited as follows:

On or about December 22, 1980, the debtors obtained a loan in the amount of $2,782.40 from U. S. Life, which loan was secured by a mortgage on household goods. The debtors filed a voluntary joint petition under the provisions of Chapter 7 of the Bankruptcy Code, 11 U.S.C., on or about March 20, 1981. Prior to the filing of that petition on January 30, 1981, the debtors paid $150.30, and on April 14, 1981, debtors paid $70.00 to U. S. Life as installment payments on this loan. It has been stipulated in this case that at the time the payments in question were received by defendant, the defendant's claim exceeded the value of the security and the payments received, or in other words, U. S. Life was undersecured.

The trustee here asserts that the sum paid U. S. Life during the ninety (90) days preceding the filing of the petition constitutes a voidable preference, and that sum should be turned over to the trustee. The creditor, by counsel, appears to be asserting that the payments were "made in the ordinary course of business or financial affairs of the debtor(s) and the transferee" pursuant to 11 U.S.C. § 547(c)(2)(C), and are therefore excepted from avoidance by the trustee in bankruptcy.

Preferential transfers are defined by 11 U.S.C. § 547(b), which states:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

■ The April 14, 1981, payment in the amount of $70.00 is not a preference, since the debtors did not make that payment within the ninety-day period preceding the date of the filing of the petition. The debtors, it appears, made this payment after the date of the filing of the petition and clearly outside the preference period which in essence ends upon the filing date. The Court must therefore overrule the complaint of the trustee to recover the amount of the April 14, 1981, payment. However, the January 30, 1981, payment in the amount of $150.30 is clearly within the preference period and would meet the requirements of § 547(b)(4)(A).

It has been stipulated that U. S. Life is an undersecured or partially secured creditor. Its status is determined by 11 U.S.C. § 506(a), which provides as follows:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . .

In liquidation, U. S. Life would have received payment on the unsecured portion of its claim on a pro rata basis with other unsecured creditors. If the $150.30 were credited to the unsecured balance on debtors' loan, U. S. Life would receive more than it would have received on a pro rata basis with other unsecured creditors. The Court must assume, in view of the stipulation as to undersecured status and in the absence of proof to the contrary that the payment was credited toward the unsecured portion of the debt since this course of action would comport with standard business practice. See *In Re McCormick*, 6 B.C.D. 889, 5 B.R. 726, 2 C.B.C.2d 1145 (N.D. Ohio 1980); and *Barash v. Public Finance Corp.*, 658 F.2d 504 (7th Cir. 1981).

Therefore, it must be concluded that U. S. Life received greater payment on its unsecured claim than other unsecured creditors, and that the transaction satisfies the requirements of § 547(b)(5).

Consequently, it may not be denied that the payment made constitutes, by definition, a preferential transfer. However, not all such transfers are voidable by the trustee. U. S. Life contends that the exception to the trustee's voiding power set out in 11 U.S.C. § 547(c)(2) applies in this case. Section 547(c)(2) states:

(c) The trustee may not avoid under this section a transfer—

(2) to the extent that such transfer was—

(A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made not later than 45 days after such debt was incurred;

(C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(D) made according to ordinary business terms . . . .

U. S. Life apparently asserts that all four elements are not required to meet the terms of the exception. The case law does not support that interpretation. In discussing § 547(c)(2), Judge Bernard stated:

This exception is composed of four elements, all of which must be present if it is to operate in favor of the creditor. *In Re Gulf States Marine*, 6 B.C.D. 79, 80, 1 C.B.C.2d 650 (W.D.La.1980).

Similarly, in *In Re McCormick*, 6 B.C.D. 889, 891, 5 B.R. 726, 2 C.B.C.2d 1145 (N.D. Ohio 1980), Judge White stated:

An otherwise preferential transfer must satisfy all four elements of Section 547(c)(2) to qualify for the exception.

A drafter of the Code, Richard Levin, stated in "An Introduction to the Trustee's Avoiding Powers," 53 Am.Bankr.L.J. 173 (Spring 1979) that:

The second exception to the preference section insulates ordinary trade credit transactions that are kept current. The requirements of the exception are that the incurring of the credit and the payment both be made in the ordinary course of business of the debtor and the creditor, that the transaction be according to ordinary business terms, and that the debtor's

payment to the creditor be made not later than 45 days after the debt was incurred. The exception found in § 547(c)(2) requires all four elements, (A) through (D), to be satisfied in order to prevent avoidance of a preferential transfer of § 547(b).

The trustee argues, then, that the requirements of § 547(c)(2)(B) have not been satisfied by virtue of the fact that the January 30, 1981, payment was made more than 45 days after the debt was incurred on December 22, 1980.

In *In Re McCormick*, 6 B.C.D. 889, 891, 2 C.B.C.2d 1145, 5 B.R. 726 (Bkrtcy.N.D. Ohio 1980), the court found an installment debt incurred on "the date on which the debtor originally assumes a legal obligation to pay." In a case to set aside payments on installment notes as preferences, the court found that the § 547(c)(2) exception was not applicable. The court found the debt was incurred at the time the debtors had received the full consideration; installment payments made more than 45 days after that time did not meet the requirement of § 547(c)(2)(B). *In Re Bowen*, 6 B.C.D. 254, 3 B.R. 617, 1 C.B.C.2d 1090 (Bkrtcy.E.D. Tenn.1980); also see *In Re Keeling*, 11 B.R. 361 (Bkrtcy.D.Minn.1981); *In Re Donny*, 11 B.R. 451 (Bkrtcy.W.D.Wis.1981); *Barash v. Public Finance Corp.*, 658 F.2d 504 (7th Cir. 1981). These cases reflect both the reasonable clear meaning of the time the "debt was incurred" and the apparent intention of the drafters of the Bankruptcy Code.

The debtors' payment of January 30, 1981, was made within 45 days of the time the debt was incurred on December 22, 1980, and, therefore, falls within the plain meaning of the exception of § 547(c)(2). The $150.30 January payment made to U. S. Life does not constitute a preferential transfer which is recoverable by the trustee under § 547(b).

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, Rules of Bankruptcy Procedure.

WHEREFORE, IT IS ORDERED AND ADJUDGED that the complaint of the trustee be and is dismissed.