ROSS, Circuit Judge.
First National Bank of St. Louis (Bank) appeals from an order of the United States Bankruptcy Court, Southern District of Iowa, 12 B.R. 597, which denied its motion to amend a prior order directing the return of funds received by the Bank because such funds constituted a preference under the Bankruptcy Code. We affirm.
On November 13, 1979, the Bank loaned Iowa Premium Service Co., Inc. (IPSCO) $400,000 by promissory note, with interest payable at the rate of lVt percent over prime per annum to date of maturity. The note provided that the interest was payable on a monthly basis. Monthly interest payments were made on May 8, June 12, and July 15, which represented interest due in April, May, and June of 1980. IPSCO filed a voluntary petition in bankruptcy on July 31, 1980.
Both parties have stipulated that the elements of a preferential transfer pursuant to section 547(b) are present. However, the Bank argues that an exception set out in section 547(c)(2) should apply to the interest payments in question. The exception provides that:
(c) The trustee may not avoid under this section a transfer—
******
(2) to the extent that such transfer was—
(A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;
(B) made not later than 45 days after such debt was incurred;
(C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and
(D) made according to ordinary business terms;
The parties agree that elements A, C and D are present. Thus, the sole issue is whether the transfer was made not later than 45 days after the debt was incurred as is required by section 547(c)(2)(B). More simply, whether the debt for interest was incurred on November 13, 1979, when the promissory note was executed, or monthly as each payment came due. We find that the debt was incurred on November 13, 1979, when the note was executed; thus, the payments were preferential transfers not insulated by the section 547(c)(2) exception.
Congress has not defined when a debt is incurred. However, case law holds that a debt is “incurred” on the date upon which the debtor first becomes legally bound to pay. See Barash v. Public Finance Corp., 658 F.2d 504 (7th Cir. 1981); In re McCormick, 5 B.R. 726 (Bkrtcy.N.D.Ohio 1980); In re Bowen, 3 B.R. 617 (Bkrtcy.E.D.Tenn.1980). We hold that Congress intended the phrase here involved to relate only to the date the debtor originally undertook the obligation to pay the debt in question; that is, the date the promissory note was signed. This is supported by Congress’ selection of the 45-day time period; Congress treated as nonpreferential an ordinary-course payment of trade credit in the first 15 days of the month following the month in which the legal obligation to pay arose.
Section 547(c)(2) was not intended to cover the kind of transaction before this court. IPSCO had received the full consideration and was obligated to the Bank for the full amount for much more than 45 days before the interest payments were *1222 made. The section 547(c)(2) exception extends only to situations where payment is made within 45 days after the debtor first becomes legally bound to pay. Barash v. Public Finance Corp., supra, 658 F.2d at 512.
We conclude that the interest payments were made more than 45 days after the debt was incurred and are voidable preferences under section 547. For this reason, we affirm the order of the Bankruptcy Court directing the return of the interest payments.