**In re INTERNATIONAL TITANIUM CORPORATION, Debtor.**

**UNSECURED CREDITORS' COMMITTEE FOR INTERNATIONAL TITANIUM CORPORATION, Plaintiff,**

v.

**EQUIBANK, Defendant,**

v.

**ALGEMENE BANK NEDERLAND, N.V., Intervenor.**

**Bankruptcy No. 83–160.**

United States District Court, W.D. Pennsylvania.

Feb. 18, 1983.

---

MEMORANDUM OPINION AND ORDER

MANSMANN, District Judge.

This is a request by the Unsecured Creditors Committee ("Committee") for Interna-

tional Titanium Corporation (ITC) for a Preliminary Injunction seeking to enjoin Equibank from honoring a letter of credit which Equibank issued at the request of its customer, International Titanium (Europe) Trading Company Limited ("ITE"), a subsidiary of ITC, in favor of the beneficiary, Algemene Bank Nederland ("ABN").

The real dispute is whether the demand is fraudulent under U.C.C. Sec. 5–114 whereby the issuer is not bound to honor the request because of fraud in the transaction.

The parties agree that Pennsylvania law supports this, *Intraworld Industries, Inc. v. Girard Trust Bank,* 461 Pa. 343, 336 A.2d 316 (1975) but disagree as to the interpretation of *Intraworld* to the facts of this case.

\*     \*     \*     \*     \*     \*

### JURISDICTION OF THE COURT

This matter is before the Court on an Appeal from the Order of February 14, 1983 of the Bankruptcy Court of this District in the matter of *International Titanium Corp., Debtor, Unsecured Creditor Committee for International Titanium Corporation v. Equibank v. Algemene Bank Nederland, N.V.,* 33 B.R. 374 (D.C.Pa.1983). After consideration of the Committee's Petition for Injunction, the Bankruptcy Judge found the case to be governed by the U.S. Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipeline,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) and that the Bankruptcy Court was without jurisdiction to entertain the complaint for an injunction.

Petitioner requests that this Court return the matter to the Bankruptcy Court for findings of fact and conclusions of law, citing the Emergency Order of December 27, 1982.

This Court finds that pursuant to the Emergency Order of December 27, 1982 that it has jurisdiction to entertain this matter. IN RE: Bankruptcy Resolution, Order dated December 27, 1982. The Bankruptcy Resolution has been found constitutional in the case of *Northland Paint Partners, Debtors, The Prudential Insurance Co.*

*of America v. The Stouffer Corp.,* 26 B.R. 1019 (D.C.E.D.Mich.1983). Under this Resolution the District Court may withdraw the reference to a Bankruptcy Court *sua sponte.*

The Court is retaining this matter because we feel strongly that this case deals with the plenary jurisdiction of the federal district court. This Court wishes to emphasize that we are withdrawing the referral only in this one particular case. We do this because there is a continuing injury and to avoid circuitous litigation whereby this lawsuit may possibly be transferred between courts, delaying a resolution on the ultimate issue.

A challenge to the subject matter jurisdiction of this Court has been presented by Algemene, who was given permission by the Bankruptcy Court to intervene in this matter. This Court has authority to entertain this matter pursuant to the fundamental power of equity to hear bankruptcy matters. This authority of the federal district court is not diminished by the U.S. Supreme Court decision in *Northern Pipeline Construction Co. v. Marathon Pipeline, supra.*

We note here a stipulation by the parties that this Court has *in personam* jurisdiction over all the parties.

In order for the district court to grant a preliminary injunction the moving party must show

(a) reasonable probability of eventual success in the litigation, and that

(b) he will be irreparably injured *pendente lite* if relief is not granted.

Moreover, while the burden rests upon the moving party to make these two requisite showings, the district court "should take into account when they are relevant":

(c) the possibility of harm to other interested persons from the grant or denial of the injunction and

(d) the public interest

*Arthur Treacher's Fish & Chips, Inc. v. A & B Management Corp.,* slip op. (3d Cir. Mar. 18, 1982).

With respect to the U.C.C. the parties are in agreement that there has been compli-

ance with the standby letter of credit in regard to Sec. 5–114(1) which reads:

(1) An issuer must honor a draft or demand for payment which complies with the terms of the relevant credit regardless of whether the goods or documents conform to the underlying contract for sale or other contract between the customer and the beneficiary.

\* \* \* \* \* \*

## FINDINGS OF FACT

This Court makes the following findings of fact:

1. ITE, through Consolidated Trading & Finance Corporation (Mohammed S. Huque, President), creating a credit facility with ABN for ITE, signed a letter of acceptance as part of the agreement between ITE and ABN.

2. A line of credit for $500,000 was established with Equibank in Pittsburgh through a standby letter of credit. Equibank, pursuant to Federal Banking Regulations, was permitted to issue a standby letter of credit for a period of one year only.

3. The credit facility was provided for a period of approximately two years, subject to annual review by ABN to determine, *inter alia,* if another letter of credit would be requested. Monies borrowed would be repaid "upon demand."

4. The credit facility of $500,000 with ABN was drawn upon in the amount of $450,000. To be effective under the terms of the irrevocable letter of credit with Equibank, ABN had to make demand upon Equibank on or before February 11, 1983.

5. The demand was so made. All parties agree that the demand itself was in conformity with the requirements of the letter of credit documents.

6. The dispute between the parties concerns whether ABN was required to make a demand for repayment to ITE prior to notification to Equibank and if so required, did it give such notice to ITE.

7. We find that irrespective of whose law applies on the legal issue (the Isle of Jersey or the Commonwealth of Pennsyl-

vania) and the question of the content thereof, that actual notice of the request for repayment and the intention of ABN to notify Equibank was received by ITE through its Managing Director Tibor Borsos.

8. This notice was received by ITE by virtue of a letter sent by ABN to Mr. M.S. Huque who forwarded it to Mr. Borsos.

9. ITE did not and has not to date tendered repayment of the amount due and owing from ITE to ABN.

10. That previous communiques by ABN to David St. C. Morgan, allegedly the solicitor of ITE in Jersey either remained unanswered or were not fruitful in effectuating a return of the requested information.

11. Indeed, ABN would have been justified in concluding that David Morgan did not have authority from the principals of ITE to represent them.

\* \* \* \* \* \*

## CONCLUSIONS OF LAW

Under the Uniform Commercial Code, Sec. 5–114, dishonor of a letter of credit herein may only occur if there is a fraud in the transaction.

The Petitioner has not met its burden of proof in showing the first prerequisite for a preliminary injunction, *i.e.,* reasonable probability of eventual success in the litigation, because it has not demonstrated fraud either in the demand itself or in the underlying obligation or transaction.

Since a solid factual basis exists for the demand declaration from ABN to Equibank, an injunction should not issue to permit dishonor of the letter of credit.

Consequently, the request for the preliminary injunction shall be denied and the supersedeas granted by the Bankruptcy Court shall be dissolved.

An appropriate Order shall issue.