**In the Matter of R.A. BECK BUILDER, INC., a Pennsylvania Corporation, Debtor.**

**Joseph E. SCHMITT, Esq., Trustee, Plaintiff,**

**v.**

**EQUIBANK, a banking corporation, Richard A. Beck, an individual, and Rosemary A. Beck, an individual, Defendants.**

**Bankruptcy No. 82–2750.
Adv. No. 83–624.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Nov. 10, 1983.

Gary Short, Pittsburgh, Pa., for plaintiff.

Gary Philip Nelson, Pittsburgh, Pa., for Equibank.

Christopher Beck, Pittsburgh, Pa., for Richard A. Beck.

## MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

The matter presently before the Court is Trustee's Complaint to Avoid Preferential Transfers and to Recover the Property Transferred or the Value of the Property Transferred from the Initial Transferee or the Entity for Whose Benefit Such Transfer Was Made, and to Avoid Unauthorized Post Petition Transfer and Recover the Property Transferred.

In Count I of the complaint, Trustee alleges that within 90 days of the filing of the petition in bankruptcy, Debtor transferred certain sums to Equibank on account of an antecedent debt while Debtor was insolvent which enabled Equibank to receive more than it would under Chapter 7 of the Bankruptcy Code. Trustee seeks an order avoiding the transfer under § 547(b); granting a judgment against Equibank for the amount of the transfer; granting a judgment against the guarantors of the debt jointly and severally for the amount of the transfer; directing Equibank to turn over property transferred or the value of the property transferred; and directing the guarantors to turn over the property transferred or the value thereof.

In Count II of the complaint, Trustee alleges that between 90 days and one year of the filing, Debtor made numerous transfers to Equibank for the benefit of insider guarantors on account of an Equibank loan which is a contingent antecedent debt owed by Debtor to insider guarantors, while guarantors had reasonable cause to believe that Debtor was insolvent, enabling guarantors to receive more than they would receive under Chapter 7. Trustee seeks an order avoiding the transfer pursuant to § 547(b); granting a judgment against the insider guarantors jointly and severally for the aggregate amount of the transfers pursuant to § 550(a)(1) and granting a judgment against Equibank for the aggregate amount of the transfers pursuant to § 550(a)(1).

In Count III of the complaint, Trustee alleges a post-petition transfer for repayment of a pre-petition debt and seeks an order avoiding the transfer pursuant to § 549(a); judgment against the insider guarantors jointly and severally for the amount of the transfer pursuant to § 550(a)(1) and judgment against Equibank for the amount of the transfer pursuant to § 550(a)(1).

In its answer, Equibank avers that this Court lacks jurisdiction pursuant to the ruling of the Supreme Court of the United States in the *Marathon Pipe Line* matter. Equibank further asserts the following defenses. Count I of the complaint fails to state a cause of action. Equibank further denies Debtor's insolvency at the time of the transfers; and avers that the payments alleged in Count I and Count II of the complaint were transfers incurred in the ordinary course of business of the Debtor and Equibank, made within 45 days after such transfers were due, in the ordinary course of business, and according to ordinary business terms. In addition thereto, Equibank asserts that Count II of Trustee's complaint fails to state a cause of action as to Equibank in that Equibank is neither an insider of Debtor, nor had reasonable cause to believe that Debtor was insolvent between 90 days and one year before the filing of the petition; and avers that the

post-petition transfer alleged in Count III of the Complaint is authorized by § 542(c) of the Bankruptcy Code.

Equibank has filed a cross-claim against guarantors wherein it seeks guarantors' payment of the amount of Equibank's liability, if any.

In the answer filed on behalf of guarantors, it is averred that the Court lacks jurisdiction over the subject matter of plaintiff's claims as well as over the persons of the defendants. Guarantors further allege that since the payments on the loan only became due when set forth in the loan document, all payments of principal were current and not antecedent debt payments. Guarantors assert that as to the interest payments, no interest became due until earned by Equibank pursuant to the terms of the loan document. Therefore, all payments of interest were payments of a current and not antecedent debt.

The facts giving rise to the complaint at bar are briefly as follows. On August 11, 1982 Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The case was subsequently converted to a Chapter 7 in January, 1983.

Prior thereto, in October 1977, Mr. and Mrs. Beck, officers of Debtor, (hereinafter "Guarantors") executed an agreement of guaranty and suretyship wherein they personally guaranteed repayment of any loans made by Equibank to Debtor. On January 4, 1980 Equibank loaned the sum of $50,000 to Debtor, payable monthly with interest from 1/4/80 at the rate of prime + 1 per annum. The Court is satisfied that the interest was calculated on a daily basis.

Within 90 days of filing the petition, Debtor transferred to Equibank the amounts of $1314.99 and $1306.26 on June 16 and July 13, 1982 respectively. Of these payments, $1,000 per payment represented principal, and the remainder represented interest.

Prior thereto, during the period of 90 days to one year preceding the filing, Debtor made nine monthly payments to Equibank in the total amount of $12,676.95;

$9,000 of which was principal, and $3,676.95 of which was interest. Payment of the nine installments commenced in August, 1981 and ended in April, 1982. In addition thereto, Debtor made a post petition payment to Equibank in the amount of $1295.55 on September 23, 1982. Of that amount, $1,000 was principal and the remainder was interest.

Following a pre-trial conference on the complaint at bar, the parties submitted briefs on the various issues presented herein. Guarantors argue that under *Marathon Pipe Line,* the entire grant of jurisdiction to the Bankruptcy Courts under 28 U.S.C. Section 1471 is unconstitutional. It is further argued that the Emergency Rule does not give the Bankruptcy Court jurisdiction over these actions because it is inapplicable, invalid and unconstitutional. However, the Court is satisfied that the Emergency Resolution, dated December 27, 1982, as adopted by the United States District Court for the Western District of Pennsylvania, is applicable to the proceeding at bar. Further, its validity has been upheld in the Western District of Pennsylvania, *International Titanium Corp. v. Equibank,* 33 B.R. 374 (Opinion of Mansmann, J. 1983); the Eastern District of Pennsylvania, *In re Leonetti,* 28 B.R. 1003 (D.C.E.D.Pa.1983); the Third Circuit, *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190 (3d Cir. 1983); and other jurisdictions, *White Motor Corp. v. Citibank,* 704 F.2d 254 (6th Cir. 1983); *Hansen v. Hansen,* 702 F.2d 728 (8th Cir.1983); and *Braniff Airways v. Civil Aeronautics Board,* 700 F.2d 214 (5th Cir. 1983) *cert. denied,* —— U.S. ——, 103 S.Ct. 2122, 77 L.Ed.2d 1302 (1983).

The Court now turns to § 547 of the Bankruptcy Code, which provides as follows:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

In § 101(9)(A), "Creditor" is defined as "an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor ..." In § 101(4)(A), "Claim" is defined as "a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured, or unsecured; ..."

■ The legislative history following the definition of "creditor" states as follows: "a guarantor of a surety for a claim against the debtor will also be a creditor, because he will hold a contingent claim against the debtor that will become fixed when he pays the creditor whose claim he has guaranteed or insured." House Report No. 95–595, 95th Cong. 1st Sess. (1977) 309, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6267. *Collier* adds that in light of the above, any transfer of property made by a debtor to or for the benefit of an endorser, guarantor or surety may constitute a preference. *Collier on Bankruptcy*, 547.18 at 547–62 (15th Ed. 1983). Further, it has recently been held that when a guarantor's secondary liability is reduced by payment on account of an antecedent debt which is the subject of the guarantee, the guarantor has been pre-ferred. *In re Duccilli Formal Wear, Inc.,* 8 B.C.D. 1180 (Bkrtcy.S.D. Ohio 1982). Based upon the foregoing, the Court concludes that the Guarantors at bar are creditors for purposes of § 547(b)(2) which requires that in order to be preferential, a transfer must be "to or for the benefit of a creditor." The Court also concludes that the guarantors at bar were "insiders" for purposes of § 547(6)(4)(B)(i).

■ The Court now turns to § 547(b)(2) which requires that in order to be preferential, payments must be for or on account of an antecedent debt; and § 547(c)(2) which excepts from avoidance as preferential those payments incurred in the ordinary course of business made no later than 45 days after such debt was incurred, according to ordinary business terms. Both defendants argue that monthly payments of principal on installment loans are excepted from avoidance by virtue of § 547(c)(2). However, the Court is satisfied that application of this section to monthly payments of principal was not intended by Congress, and other Courts have so held. *In re Keeling,* 11 B.R. 361, 4 C.B.C.2d 697 (Bkrtcy.D. Minn.1981); *In re McCormick,* 5 B.R. 726, 6 B.C.D. 889, 2 C.B.C.2d 1145 (Bkrtcy.N.D. Ohio 1980). For purposes of § 547(c)(2), debt upon the principal is "incurred" upon execution of the note, not when monthly payments become due. *In re Keeling, supra; In re Bowen,* 3 B.R. 617, 6 B.C.D. 264, 1 C.B.C.2d 1090 (Bkrtcy.E.D.Tenn.1980). Based upon the foregoing, the Court concludes that payments of principal during the enhanced preference period are not excepted from avoidance by § 547(c)(2).

The Court now examines the applicability of § 547(c)(2) to interest payments made during the enhanced preference period. Trustee argues that a debt for interest on a demand note is "incurred" for purposes of § 547(c)(2)(B) on the date the note is executed. Equibank argues that payment of interest within 45 days of the date that interest accrues is not voidable under § 547 of the Bankruptcy Code.

The Eighth Circuit Court of Appeals has recently decided the issue presently before the Court. In *In re Iowa Premium Service Co., Inc.,* 695 F.2d 1109 (8th Cir.1982), interest on a promissory note executed by Debtor-in-Possession was to be calculated daily and paid monthly. Debtor-in-Possession sought the return of interest payments made within the 90 days preceding the filing of the bankruptcy petition on the basis of § 547. The Bank argued that the debt for interest was incurred daily as each day's interest accrued; and accordingly, such payments fell within the exception of § 547(c)(2), for they were payments made in the ordinary course of business no later than 45 days after the debt ·was incurred. Therein, the Court states as follows:

> There can be no doubt that (Debtor) was not legally bound to pay interest when the note was executed; it had ·no obligation to pay interest until it had used the money ... (p. 1111) ... We will treat interest obligations like any other debt and hold that a debt for interest payments is incurred on the date upon which the obligor first becomes legally bound to pay that interest. In this case, the obligor first became bound to pay on the date on which the interest accured.... (p. 1112).

Based upon the identical facts and similar issue presented in the case at bar, the Court reaches the same conclusion. During the year preceding the filing of the petition, those interest payments which were made within 45 days after the interest accrued are excepted from avoidance as preferential by virtue of § 547(c)(2).

The Court is next asked to determine the parties from whom an avoided preferential transfer can be recovered under § 550. Trustee argues that a transfer to a creditor during the enhanced insider preference period which is avoidable under § 547 as to an insider of the debtor who has guaranteed the debt to the creditor is recoverable from the creditor as well as the guarantor under § 550(a)(1). In response thereto, Equibank argues that a transfer to a creditor who is not an insider of the debtor during the enhanced insider preference period is not recoverable from that creditor merely because an insider of the debtor guaranteed the debtor's obligation to the creditor.

Section 550(a)(1) states as follows:

§ 550. Liability of transferee of avoided transfer.

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, or 724(a) of this title, the trustee may recover for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

In its analysis of § 550, *Collier* states as follows:

> In some circumstances, a literal application of section 550(a) would permit the trustee to recover from a party who is innocent of wrongdoing and deserves protection. In such circumstances the bankruptcy court should exercise its discretion to use its equitable powers under section 105(a) and 28 U.S.C. § 1481 to prevent an inequitable result ...
>
> Likewise, if a transfer is made to a creditor who is not an insider more than 90 days but within one year before bankruptcy and the effect is to preferentially benefit an insider-guarantor, recovery should be restricted to the guarantor and the creditor should be protected. Otherwise a creditor who does not demand a guarantor can be better off than one who does. *Collier on Bankruptcy,* § 550.02 at 550–7 (15th Ed.1983).

Several courts have expressed their support of the analysis set forth in *Collier. In re Church Bldgs. and Interiors,* 14 B.R. 128, 5 C.B.C.2d 74 (Bkrtcy.W.D.Okl.1981). In *In re Cove Patio Corp.,* 19 B.R. 843 (Bkrtcy.S.D.Fla.1982) the Court states that § 550(a)(1) was "not intended to expand the trustee's right to recover preferences as provided in § 547 but was intended only to

facilitate his recovery of transfers avoidable under § 547." (p. 844). In *In re Duccuilli Formal Wear, supra,* the Court held that trustee could recover payments made to the bank within 90 days to one year from the insider guarantor for whose benefit the payments were made, but there could be no recovery against the bank for payments made during that period. The Court states as follows: "... where the initial transferee, the Bank, is not an insider, it would be inequitable to require the bank to surrender up repayment of its loan where payments to it were not made within ninety days of filing." (p. 1183). The Court further states that implied in § 550(a)(1) is the necessity for discretion.

■■■ This Court agrees. In the absence of mandatory language, the Court does not favor a literal application of § 550(a)(1) to the facts at bar when such an application would lead to an inequitable result. The Court is satisfied that the Bank should not be penalized for its prudence in seeking a guarantor of the debt here in question.

The Court now examines three remaining provisions of § 547 which have not previously been addressed. Sections 547(b)(3) and (5) provide as follows:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(3) made while the debtor was insolvent; ...

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Section 547(b)(4)(B)(ii) further requires that an insider must have had reasonable cause to believe that the debtor was insolvent at the time of the transfer.

In its complaint, Trustee alleges that the requirements of a preferential transfer as set forth in sections 547(b)(3); 547(b)(5); and 547(b)(4)(B)(ii) have been satisfied. However, in their answers, both Equibank and Guarantors deny Debtor's insolvency. Further, both defendants deny that the requirements of § 547(b)(5) have been satisfied.

Section 547(f) indicates that the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of filing. The legislative history indicates as follows: "The presumption requires the party against whom the presumption exists to come forward with some evidence to rebut the presumption, but the burden of proof remains on the party in whose favor the presumption exists." Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) 89, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5875. *Collier* further states: "The trustee ... has the burden of producing evidence of insolvency if the transferee can rebut the presumption of insolvency with some evidence. So must the trustee introduce evidence at trial to sustain all other averments that have not been admitted." *Collier on Bankruptcy,* § 547.55 at 547–160.17 (15th Ed.1983).

■■ In the case at bar, no evidence has been presented on the issues of debtor's insolvency; Guarantors' reasonable cause to believe that Debtor was insolvent; and whether the transfers enabled creditors herein to receive more than would have been received under Chapter 7.

Consequently, the Court must reserve its determination of whether the transfers here in question are preferential until it has been presented with further evidence regarding the foregoing.

■■ Finally, the Court considers the post-petition transfer in the amount of $1295.55 as alleged in Count III of Trustee's complaint. The Court is satisfied that the transfer is avoidable on the basis of § 549 of the Bankruptcy Code. The Court further concludes that by virtue of § 550(a)(1) the Trustee may recover the amount of the transfer from Equibank, the intitial trans-

feree; or the Guarantors, the entities for whose benefit such transfer was made.

An appropriate order will be entered.