**In re William T. FALLER and Michelle Faller, Debtors.**

**Mary Ann RABIN, Trustee in Bankruptcy, Plaintiff,**

v.

**EQUIBANK, et al, Defendants.**

**Bankruptcy No. B84–01038.**

**Adv. No. B84–0471.**

United States Bankruptcy Court, N.D. Ohio, E.D.

Sept. 21, 1984.

Mary Ann Rabin, Cleveland, Ohio, for plaintiff.

Stanley E. Stein, and Mary Jane Trapp, Stein, Trapp & Associates Co., L.P.A., Cleveland, Ohio, for defendants, William T. Faller, Michelle Faller and Shirley Faller.

MEMORANDUM OF OPINION

JOHN F. RAY, Jr., Bankruptcy Judge.

This matter came on for hearing on the complaint of the trustee to recover a preference, the answer of defendants, the evidence, stipulations and memoranda of the trustee and defendants.

The Court finds from the evidence and pleadings that:

1. Debtors, William T. Faller and Michelle Faller, borrowed money from Equibank pursuant to a written agreement dated January 4, 1983. The loan was secured by a Government National Mortgage Association certificate in the amount of $100,-000.00 This certificate was the property of William T. Faller's mother, Shirley Faller.

2. Interest on the loan was to be calculated daily and paid monthly. Each monthly payment consisted of partial repayment of principal, plus monthly accumulated interest. Debtors made three monthly payments totaling $1,600.00 within 90 days immediately prior to filing their petition under Chapter 7 of the Code. The figure of $1,600.00 represents $537.72 in principal repayment and $1,062.28 in interest charges.

3. On August 27, 1984, debtors and Shirley Faller were granted leave to inter-

vene as defendants. In their answer, defendants admit that the trustee may recover the $537.72 in principal repayments as preferential transfers under Section 547(b).[1] Defendants deny, however, that the $1,062.28 in interest payments can be avoided. They assert the interest payments are exempt from avoidance under Section 547(c)(2).[2]

### Issue

The issue before the Court is whether the debt for interest was incurred at the time the loan was made, or whether the debt for interest was incurred on a daily basis. If the interest debt arose on January 4, 1983, the monthly interest payments were not "made not later than 45 days after such debt was incurred," and the trustee may recover the interest repayments.

### Conclusions of Law

To date, only two circuit courts have decided the issue of whether voluntary installment payments to a creditor in the 90 days immediately preceding bankruptcy, but not more than 45 days after the installments are due, may be avoided. In *Barash v. Public Finance Corp.*, 658 F.2d 504 (7th Cir.1981), the Seventh Circuit ruled that installment payments were avoidable by the trustee, since the debt was "incurred" when the debtor received the consideration. The debts at issue in *Barash* were all long-term installment transactions. Since the court held that the debt was incurred at the inception of the loan, payments were not made within 45 days after the debt was incurred, and the requirements of Section 547(c)(2) were not met.

The Eighth Circuit reached a somewhat different result in *In re Iowa Premium Service Co., Inc.*, 695 F.2d 1109 (8th Cir. 1982) (hereinafter called *"IPSCO"*). Like the court in *Barash*, the *IPSCO* court held that repayments of principal during the 90-day period may be avoided by the trustee. Unlike the *Barash* court, however, the *IPSCO* court distinguished between the date when the debt for principal is incurred and the date when the debt for interest is incurred. The debt for principal is incurred on the date the note is executed; any payments made more than 45 days after this date are subject to the trustee's avoiding power. The debtor owes the full amount of the principal debt from the date the loan is made. The debt for interest, which is rent for the use of money, arises daily, as the debtor uses the money. 695 F.2d at 1111. No interest is owed from one day to another until the debtor uses the money, and the creditor's agreement to allow continued use of the money is consideration for the interest obligation. *Id.* at 1112. Therefore, the trustee in *IPSCO* was enti-

1. Bankruptcy Code § 547(b) provides:
   (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—
   (1) to or for the benefit of a creditor;
   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
   (3) made while the debtor was insolvent;
   (4) made—
   (A) on or within 90 days before the date of the filing of the petition; or
   (B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—
   (i) was an insider; and
   (ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and
   (5) that enables such creditor to receive more than such creditor would receive if—
   (A) the case were a case under chapter 7 of this title;
   (B) the transfer had not been made; and
   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

2. Bankruptcy Code § 547(c)(2)(A) through (D) provides:
   (c) The trustee may avoid under this section a transfer—
   (2) to the extent that such transfer was—
   (A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;
   (B) made not later than 45 days after such debt was incurred;
   (C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and
   (D) made according to ordinary business terms.

tled to recover, as preferential, only that portion of each installment payment which was attributable to principal. As long as interest charges accumulated during one month are paid within the first 15 days of the next month, the trustee may not avoid the payments attributable to the interest debt.

This Court holds that a debt for interest is incurred on the date when the interest accrues. A debtor on an installment contract is in a position analogous to that of a tenant under a lease agreement. Though the tenant may have agreed to payment at a future date in a specified amount, the obligation to pay does not arise until he occupies the premises. Similarly, a debtor on an installment contract is not obligated to pay interest until he uses the money.

Of the three bankruptcy courts which have given separate consideration to the interest portion of installment payments in preference actions, two have agreed with the *IPSCO* decision. *Matter of R.A. Beck Builder, Inc.,* 34 B.R. 888 (Bankr.W.D.Pa. 1983); *In re Ken Gardner Auto Sales, Inc.,* 10 B.R. 632 (Bankr.E.D.Tenn.1981, *aff'd,* 23 B.R. 743 (D.C.E.D.Tenn.1982). The third, *In re Goodman Industries, Inc.,* 21 B.R. 512 (Bankr.D.Mass.1982), was decided before the Eighth Circuit decision in *IPSCO,* and cites *Barash* without any analysis of the difference between principal and interest. This Court declines to follow *Barash* and *Goodman.* The trustee is not entitled to recover the $1,062.28 of the installment payments which is attributable to interest, but is entitled to recover $537.72 principal payments as preferential transfer under Section 547(b) of the Bankruptcy Code.