**In re DUCCILLI FORMAL WEAR, INC., Debtor.**

**Norbert G. BACKHUS, Trustee, Plaintiff,**

**v.**

**The CENTRAL TRUST COMPANY, N.A. and Larry Spurlock, Janet L. Spurlock, Jerry Kilb, Beverly S. Kilb, Defendants.**

Adv. No. 1–81–0233.
Bankruptcy No. 1–80–01457.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Nov. 5, 1982.

E. Edward Noe, Cincinnati, Ohio, for Kilbs.

Albert R. Fingerman, Cincinnati, Ohio, for trustee/plaintiff; Jeffrey P. Harris, John W. Hust, Cincinnati, Ohio, of counsel.

Sylvan P. Reisenfeld, Cincinnati, Ohio, for Spurlocks.

## DECISION AND ORDER ON MOTION FOR LEAVE TO FILE CROSS-CLAIM

BURTON PERLMAN, Bankruptcy Judge.

Defendant Central Trust Company, N.A. ("Bank") in the above captioned adversary proceeding has filed a motion for leave to file a cross-claim against the other co-defendants in the action, Larry and Janet Spurlock ("Spurlocks") and Jerry and Beverly Kilb ("Kilbs"). The Spurlocks and the Kilbs oppose the motion and have filed a joint memorandum in opposition thereto.

On March 8, 1982 we issued a decision on three motions filed in this proceeding: 1) motion for summary judgment filed by plaintiff; 2) motion for partial judgment on the pleadings filed by the Bank; and 3) motion for partial summary judgment filed by the Kilbs. In that decision we held that certain preferential transfers to the Bank were avoidable by plaintiff trustee and that the Bank was liable for a portion of those payments. In addition, we held that the Spurlocks and the Kilbs also received preferences by virtue of their status as guarantors of all obligations of the debtor to the Bank.

The cross-claim that the Bank wishes to file is for recovery under the terms of the guarantee of the amount for which we entered summary judgment against the Bank which has since paid this money to plaintiff.

The Bank has never filed an answer in this proceeding.

The issue raised by the present motion is whether the Bank may file a cross-claim without having filed an answer or other pleading. We hold that a cross-claim is not allowable under such circumstances.

Federal Rule of Civil Procedure 13(g) (see Bankruptcy Rule 713) governs cross-claims. The rule provides that:

"(g) Cross-Claim Against Co-Party. A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant".

A "pleading" is defined in FRCP 7(a) (see B.R. 707) which states that:

"(a) Pleadings. There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."

Reading the two rules in conjunction, we reach the conclusion that a cross-claim must be stated in one of the documents enumerated in Rule 7(a). The Bank has not done that in this case, and because the Bank has not filed an answer, leave to file a cross-claim must be denied. The Bank argues that even though it has filed no answer, but instead moved for partial judgment on the pleadings, the cross-claim is in effect an amendment of the pleadings to conform to the evidence. This argument is not persuasive, for to be in point, there would have to be a pleading of the Bank to be amended and there is none.

We do not wish our conclusion to be understood as merely an application in a strict way of the letter of the Rules, regardless of right or justice. The absence of an answer signifies the reality of this case, that our decision of March 8, 1982 and the judgment entered thereon effectively disposed of the controversy between the plaintiff and the Bank. Moreover, this entire litigation is now substantially concluded. The usual consideration of judicial economy which comes into play in situations like that before us, is not here involved, for no further litigation or proceedings involving the subject of the proposed cross-claim will be occurring in this court. Nothing which has

occurred makes this a better forum than another for dealing with the controversy represented by the proposed cross-claim. The subject of the cross-claim which does not involved bankruptcy considerations, can be litigated in another forum. *See In re Cessna Distributorship Antitrust Litigation,* 532 F.2d 64 (8th Cir., 1976).

In light of the foregoing factors, the motion of the Bank for a leave to file a cross-claim is denied.

SO ORDERED.