In re Charles A. VANN, Jr. dba
Tri-State Tire Company, Debtor.

Norman L. SLUTSKY, Trustee,

v.

MICHEL TIRE COMPANY, Defendant.

Bankruptcy No. 1–82–0330.
Related Case No. 1–82–01625.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Jan. 11, 1983.

Norman L. Slutsky, Cincinnati, Ohio, for plaintiff.

John E. Lange, III, Newport, Ky., Edward C. Noe, Cincinnati, Ohio, for defendant.

DECISION

BURTON PERLMAN, Bankruptcy Judge.

In this adversary proceeding, plaintiff-trustee has filed suit against the defendant, a creditor of the debtor, to recover an al-

leged preference pursuant to 11 U.S.C. § 547.

Debtor was in the business of selling tires at retail. Defendant was a supplier to debtor of tires. The complaint alleges that on or about May 3, 1982, defendant removed inventory from the premises of debtor, and this taking of possession of inventory gave defendant preferred treatment vis-a-vis other creditors. In its answer, defendant admits that it removed certain inventory on or about May 3, 1982 but denies that this constituted a preference.

 At the conclusion of the trial, we announced that we were satisfied that there had been a preference within the meaning of 11 U.S.C. § 547(b). The statute there provides:

"(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title."

There was a transfer of property of the debtor in that tires were taken by defend-ant and this was for the benefit of defendant-creditor. The transfer was on account of an antecedent debt, for the tires had been sold to debtor on an open account. The third requirement, that the transfer had occurred while debtor was insolvent, is satisfied by the presumption of insolvency contained in § 547(f) which was not rebutted by defendant. The transfer was stipulated to be within ninety days before the date of filing the petition. It was, finally, clear that defendant received more by the transfer than it would have received under the circumstances set out at § 547(b)(5). The only question which remains is what plaintiff is entitled to recover.

Debtor was billed $6,318.21 for the tires which were taken back by defendant and plaintiff contends that he is entitled to a recovery in this amount. Defendant, to the contrary, says that it is agreeable to returning either the actual tires which were removed or identical tires as to model, or in the alternative, plaintiff should recover only defendant's cost, subtracting from the figure sought by plaintiff the profit that defendant would have made on its sale to debtor. It was testified that this amounted to $1,149.00, and plaintiff should recover only $5,180.84.

██ The remedy to be accorded to the plaintiff is prescribed in 11 U.S.C. § 550(a). There it is stated that "the trustee may recover, for the benefit of the estate, the property transferred, or, . . . the value of such property." We have come to the conclusion that we cannot order that defendant pay plaintiff the value of the tires which were removed because there is no evidence of what that value is. The term "value" connotes market value, and the record is entirely silent as to what that might be. All that we have is a figure for debtor's costs when he bought the tires, and a figure proffered by defendant of its cost. Neither cost figure provides us with information as to what the trustee might obtain were he to offer the tires for sale. Under optimum circumstances he might well obtain more than debtor's cost for the tires. Accordingly, we have concluded that the proper reme-

dy in this case is to order that the tires which were removed be returned. The evidence at the trial was that a careful record had been maintained of what tires were removed. Some of the very tires removed are still on hand, while others are not. The defendant will return to the trustee a duplicate of any removed tire where the actual removed tire is no longer in the possession of defendant. Because the removal was wrongful, defendant is not entitled to a credit here or in any proof of claim which it might file for the ten (10%) percent handling charge which it levied upon repossessing tires from debtor. *In re Meyer's Inc.,* 15 B.R. 390 (B.J., S.D.Cal., 1981).