**In re HANDSCO DISTRIBUTING, INC., Debtor.**

**Jeffrey P. HARRIS, Trustee of Handsco Distributing, Inc., Plaintiff,**

v.

**SCOTSMAN QUEEN PRODUCTS DIVISION OF KING–SEELEY THERMOS CO., Defendant.**

Adv. No. 1–83–0074.
Related Case No. 1–82–03505.

United States Bankruptcy Court, S.D. Ohio, W.D.

Aug. 22, 1983.

## DECISION

BURTON PERLMAN, Bankruptcy Judge.

In this adversary proceeding the trustee of Chapter 7 debtor Handsco Distributing, Inc. is the plaintiff. He seeks to avoid a transfer to defendant on the ground that it was preferential, pursuant to 11 U.S.C. § 547. The alleged preference occurred upon the transfer of certain ice makers and refrigerators by debtor to defendant within ninety (90) days of the filing of bankruptcy. In opposition, defendant contends that it is entitled to recoupment.

At a pretrial conference held in this case the parties agreed to submit the case on a stipulated record and no trial was had in the matter. The parties have filed a stipulation of fact and memoranda of law. The relevant facts are the following. Defendant sold debtor twelve (12) refrigerators and forty-eight (48) ice makers on or about August 27, 1980. Payment in full for all of these items was received by defendant on or about January 9, 1981. On or about November 12, 1981 defendant sold debtor sixty (60) additional ice makers. Essentially no payment was made for these additional sixty ice makers, and defendant has a claim against debtor on account of that sale.

The recoupment asserted by defendant is based upon the following facts. Of the sixty additional ice makers sold on or about November 12, 1981, debtor returned thirty-three in November 1982. Of the twelve refrigerators sold by defendant to debtor on or about August 27, 1980, eight were returned to defendant in November 1982. Defendant asserts that it is entitled to retain the returned goods. It will reduce its claim against debtor because of the transfer. The parties further stipulated that at the time of the return of the goods in November 1982, debtor was insolvent, and the return occurred within ninety (90) days of the filing of debtor's bankruptcy petition.

■ It is clear that the return of the refrigerators and ice makers in November 1982 by debtor to defendant was a preference. The elements set forth at 11 U.S.C. § 547(b) are all present. There was a transfer of property of the debtor because all of the items returned by debtor had been acquired by straight out sales. This return of goods benefitted defendant because in the absence of the return, defendant would have received no payment on the debt which debtor owed it. The return of goods was on account of an antecedent debt, for such debt had arisen upon the sale on or about November 12, 1981 for which defendant had not been paid. The next two elements have been stipulated to by the parties, that the transfer occurred while the debtor was insolvent and within ninety (90) days before the filing of the petition. While it is not entirely clear that the fifth element of a preference has been met on the record before us, that the creditor received more than he would have if the transfer in question had not been made and the creditor participated in normal fashion upon distribution following liquidation of the Chapter 7 estate, defendant does not contest that the transfer in question was preferential.

■ Defendant contends with vigor that the preferential transfer should not be avoided because it amounted to a recoupment. We have concluded that this contention is without merit. Recoupment has been defined:

Recoupment is the right of a defendant, in the same action, to cut down the plaintiff's demand either because the plaintiff has not complied with some cross obligation of the contract on which he sues or because he has violated some duty which the law imposes on him in the making or performance of that contract. It means a deduction from a money claim whereby cross demands arising out of the same

transaction are allowed to compensate one another, the balance only to be recovered . . .

20 Am.Jur.2d *Counterclaim, Recoupment, and Setoff* § 1 (1965). It is of the essence as stated in the above definition as well as in all that is urged by defendant, that a claimed recoupment arise from the same transaction as that for which the debt was incurred. In its argument in favor of recoupment, defendant asserts, wholly without justification in our view, that the transfer of goods returned was a part of the same transaction as the sale of the goods. Defendant contends that this follows from the fact that the returned goods are the very ones earlier sold to debtor. The conclusion does not follow. When the goods were sold by defendant debtor and the goods delivered and accepted, that sales transaction was completed. The return long afterward of those goods was a different transaction.

It is appropriate at this point to notice the reference in the above quotation to the word "contract" in connection with the definition of recoupment. Here the evidence does not show that there was a contemplation in the original sales contract for a return of the goods under any circumstances. The return of goods was a transfer wholly unconnected with the original sale. There is no justification for characterizing the later transfer as part of the "same transaction" as the original sale.

Having reached the conclusion that the return of goods was not part of the same transaction as the original sale, clearly defendant is not entitled to recoupment. The authorities upon which it relies cannot avail it, for both of them depended upon facts where the claim of the creditor and the recoupment asserted against it arose from the same transaction. Thus, in *Waldschmidt v. CBS, Inc.,* 14 B.R. 309 (D.M.D.Tenn. 1981) at p. 314 the court said:

Despite the trustee's contention, the advances and royalties involved in this case unquestionably arise from the same transaction. Both grow out of the recording contract between Mr. Jones and CBS.

Likewise in *In re Yonkers Hamilton Sanitarium Inc.,* 22 B.R. 427 (Bkrtcy.S.D.N.Y. 1982) at p. 432 the court recognized that the same transaction must be involved before recoupment could be applied.

█ Since there was a preferential transfer, and defendant is not entitled to assert any right by way of recoupment, we proceed to the question of the relief to which plaintiff is entitled. This is provided for by 11 U.S.C. § 550. The statute there says that when a transfer is to be avoided under § 547, "the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property . . . ." In *In re Vann* 26 B.R. 148, 149 (Bkrtcy.S.D.Ohio 1983), we stated in regard to this statutory section that:

The term "value" connotes market value, and the record is entirely silent as to what that might be.

Here as in the *Vann* case there is no evidence of market value. All that is mentioned by way of dollar values in this record are the sale prices at one time or another, and there is no justification for concluding that sales price equals market value. Accordingly, we will order that the property transferred to defendant be returned to plaintiff.