**In re Archie R. VEDAA and Vangie L. Vedaa, Debtors.**

**Phillip D. ARMSTRONG, Trustee of Estate of Archie R. Vedaa and Vangie L. Vedaa, Plaintiff,**

v.

**Erling J. and Jordis A. VEDAA; Lowell and Ivy Vedaa; and Scandia American Bank, Stanley, North Dakota, Defendants.**

Bankruptcy No. 84–05255.
Adversary No. 84–7109.

United States Bankruptcy Court,
D. North Dakota.

March 29, 1985.

Tam J. Black, Minot, N.D., for plaintiff.

Steven C. Lian, Minot, N.D., for defendants Vedaa.

Robert W. Holte, Stanley, N.D., for defendant Bank.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The Plaintiff, Trustee of the estates of Archie and Vangie Vedaa, filed a Complaint with the Court on August 2, 1984, seeking avoidance of an alleged preferential or fraudulent transfer and recovery of the subject property. The Defendants, Erling and Jordis Vedaa and Lowell and Ivy Vedaa, filed their Answers with the Court on September 4, 1984, resisting the Trustee's request for relief. The Defendant, Scandia American Bank of Stanley, North Dakota, filed its Answer with the Court on September 24, 1984, denying that the Trustee was entitled to relief against it. The Defendants filed a formal written Offer of Return of Real Property to the Trustee on February 14, 1985, wherein they admitted that the transfer of the subject property was an avoidable transfer. A Stipulation for the dismissal of the Defendant, Scandia American Bank, was filed with the Court of February 19, 1985, and approved by Court Order dated February 25, 1985. The parties to this dispute stipulated for waiver of trial and filed on February 19, 1985, a Stipulation of Facts. The relevant facts as set forth in the Stipulation of Facts filed with the Court are, as follows:

## FINDINGS OF FACT

### INITIAL TRANSFER

1. On April 12, 1984, the Debtors, Archie and Vangie Vedaa, transferred to Erling and Jordis Vedaa by warranty deed property described as Outlot 1 of SW¼ of Section 3, Township 156, Range 91 West, Mountrail County, North Dakota.

2. Erling Vedaa paid $1,500.00 to Archie Vedaa as consideration for the transfer of said property.

3. The property consists of a house situated on a 2½ acre tract of land.

4. Erling and Jordis Vedaa are the parents of Archie Vedaa, one of the Debtors.

5. On May 14, 1984, the Debtors filed for bankruptcy.

6. The transfer of property from the Debtors to Erling and Jordis Vedaa was on account of antecedent debt in the amount of $38,000.00 owed by the Debtors to Erling and Jordis Vedaa. The Debtors borrowed the amount from Erling and Jordis Vedaa in June of 1983 to prevent the foreclosure of the said property.

7. The transfer of said property from the Debtors to Erling and Jordis Vedaa is an avoidable preferential transfer under section 547(b) of the Bankruptcy Code.

### SECOND TRANSFER

8. On June 25, 1984, Erling and Jordis Vedaa transferred said property by quitclaim deed to Lowell and Ivy Vedaa, who are husband and wife.

9. The transfer to Lowell and Ivy Vedaa was for value, in good faith, and without knowledge of the avoidability of the preference to Erling and Jordis Vedaa.

10. Lowell Vedaa is the son of Erling and Jordis Vedaa.

11. On June 25, 1984, Lowell and Ivy Vedaa mortgaged said property to Scandia American Bank and received the amount of $39,000.00 as consideration.

12. After Lowell and Ivy received the said property, they spent $6,000.00 making changes to the property.

13. The said property is presently occupied by Lowell and Ivy Vedaa.

### VALUE OF PROPERTY

14. At the first meeting of creditors, the Debtors testified that said property was worth $75,000.00 at the time of the transfer to Erling and Jordis Vedaa.

15. On the request of Erling and Jordis Vedaa, an appraisal was done of the house in November of 1984. The appraisal stated that the replacement cost of the house at this time was $45,130.00.

16. The appraisal included improvements that were to be made by Lowell and Ivy Vedaa in the amount of $8,856.00. The

appraisal stated that the value of the house prior to these improvements was $36,-224.00.

## CHARACTERISTICS OF SUBJECT PROPERTY

17. The house is situated on approximately 2½ acres of land.

18. The property is located approximately 3½ miles from Stanley, North Dakota.

19. The first 1½ miles of road is paved. The remaining 2 miles are gravel.

20. The property is surrounded on three sides by Erling Vedaa's land. The fourth side of the property is adjacent to the road.

## CONCLUSIONS OF LAW

The Defendants which remain in this action do not dispute that the Trustee is entitled to some relief. The parties have stipulated in their facts that the transfer had the characteristics of a preferential transfer under 11 U.S.C. § 547(b). The Trustee in his Complaint requested as relief a recovery of the property transferred or the value of such property from the Defendants. The Defendants have indeed offered to return the real estate to the Trustee. The Trustee now resists that offer and requests that the Court award the Trustee a money judgment.

The remedies available to a trustee once a transfer has been avoided is set out in 11 U.S.C. § 550. Section 550 of the Bankruptcy Code provides, in part:

Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a). The Trustee is prevented under section 550(b) any recovery from purchasers subsequent to that of the initial transferee who have obtained the property for value and in good faith. *See* 11 U.S.C. § 550(b). In this case, it is stipulated that the immediate transferees, Lowell and Ivy Vedaa, obtained the property for value and in good faith. Thus, the Trustee would normally be prevented under section 550(b) from recovering the real estate from Lowell and Ivy Vedaa. The Defendants have, however, in this instance offered to return the real estate to the Trustee. Without such an offer, the Trustee would be limited to recovering the value of the property from the initial transferees, Erling and Jordis Vedaa. With the offer, the Defendants have waived the defense to a turnover which is given under 11 U.S.C. § 550(b).

Section 550 allows the trustee to recover the subject property or its value "if the court so orders." 11 U.S.C. § 550. The recovery to be allowed is wholly within the discretion of the court. Courts will generally allow the trustee to recover the value of the property where the subject property is itself unrecoverable. *See In re Southeast Community Media, Inc.,* 27 B.R. 834 (Bankr.E.D.Tenn.1983); *In re Beck,* 25 B.R. 947, 954 (Bankr.N.D.Ohio 1982). Other courts award a return of the property where evidence in the record does not establish the value of the property transferred. *See In re Handsco Distributing, Inc.,* 32 B.R. 358 (Bankr.S.D.Ohio 1983); *In re Vann,* 26 B.R. 148 (Bankr.S.D. Ohio 1983). From the foregoing decisions, it is clear that courts favor a return of the property itself if at all possible so as to avoid speculation over its value. In the present instance, the Court directs that the Trustee recover the subject real estate which has been offered to him by the Defendants.

The Defendants have requested that they be awarded under 11 U.S.C. § 550(d) liens in the subject property for improvements made at their expense. The Defendants did not raise such an issue as a counterclaim in any Answer filed with the Court. Further, the issue is not raised in their formal written Offer of Return of Real Property. The request for liens was first made in the Defendants' Brief filed with the Court on March 1, 1985. The Court

believes that the Defendants' request for relief in the way of court-imposed liens on the subject property is untimely and not properly raised. Accordingly, if such a request exists, it is denied. The Defendants are free to file whatever claim against the estate administered by the Trustee to which they feel entitled.

Accordingly, and for the reasons stated,

IT IS ORDERED:

That the transfer of April 12, 1984, by warranty deed of real estate described as Outlot 1 of SW¼ of Section 3, Township 156, Range 91 West, Mountrail County, North Dakota, is avoided as a preferential transfer under 11 U.S.C. § 547(b).

That the Trustee is allowed under 11 U.S.C. § 550 to recover the real estate itself. The original Quitclaim Deed from Lowell and Ivy Vedaa to Erling and Jordis Vedaa, the original Warranty Deed from Erling and Jordis Vedaa to Phillip D. Armstrong, Trustee, and the original Satisfaction of Mortgage by Scandia American Bank, all of which were deposited with the Court, are herewith turned over to the Trustee consistent with this decision.