**In re T.B. WESTEX FOODS, INC., Debtor.**

**T.B. WESTEX FOODS, INC., Plaintiff,**

**v.**

**ALASKA CONTINENTAL BANK, Defendant.**

**Bankruptcy No. 88–70099. Adv. No. 88–7023.**

United States Bankruptcy Court, W.D. Texas, Midland–Odessa Division.

Jan. 24, 1989.

Vi Lea Borland, Midland, Tex., for debtor/plaintiff, T.B. Westex Foods, Inc.

H.P. Brelsford, Houston, Tex., for defendant, Alaska Continental Bank.

Rodrigo M. Rodriguez, Law Office of Robert Hohenberger, P.C., Houston, Tex., for Interpleader, Federal Deposit Ins. Corp.

## OPINION

RONALD B. KING, Bankruptcy Judge.

The issue presented in this adversary proceeding is whether two involuntary transfers by the Debtor to a non-insider creditor, but which benefitted an insider of the Debtor, can be set aside and recovered as preferences by the Debtor pursuant to Sections 547 and 550 of the Bankruptcy Code.[1] In the circumstances of this case, the Court holds that they cannot be recovered by the Debtor as avoidable preferences.

The facts are undisputed and were largely stipulated by the parties. Alaska Continental Bank ("ACB") originally obtained a money judgment against Wayne Bond ("Bond"), who is a shareholder, officer and director of the Debtor, T.B. Westex Foods, Inc. ("Westex" or the "Debtor"). In attempting to enforce its judgment against Bond, ACB filed a post-judgment garnishment action against Westex and served a writ of garnishment on Westex on January 6, 1987. No answer was filed by Westex in the garnishment action, and a default judgment in favor of ACB for $139,864.48 was rendered against Westex on April 14, 1987.

In an effort to enforce its default judgment against Westex, on November 13, 1987, ACB filed two new garnishment actions against two banks in which Westex had funds on deposit. The garnished banks interplead the sums of $30,144.84 and $7,589.76, which apparently constitute the funds in dispute in this adversary proceeding. Westex filed for Chapter 11 protection 119 days later on March 11, 1988, and filed this adversary proceeding for turnover of the funds and to set aside the garnishments of the depository banks of Westex. Although the pleadings do not clearly frame the issues, the Debtor's theory is apparently that the garnishments of the depository banks constitute preferences under Section 547(b)(4)(B) of the Bankruptcy Code in that the transfers were for the benefit of an insider, occurred more than ninety (90) days but less than one (1) year prior to the filing of this Chapter 11 case, and are therefore recoverable by the Debtor under Section 550(a)(1) of the Bankruptcy Code.[2] It is undisputed that the Debtor was insolvent at all material times and that the transfers enabled ACB to obtain more than ACB would have received if the case were a Chapter 7 case.

Section 547(b) of the Bankruptcy Code provides as follows:

Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Section 550(a)(1) of the Bankruptcy Code further provides:

**1.** 11 U.S.C. §§ 547 & 550 (1982 & Supp. IV 1986). Title 11 is generally referred to herein as the Bankruptcy Code.

**2.** *See* 11 U.S.C. § 1107(a) (1982 & Supp. IV 1986), which empowers the debtor in possession to perform the functions and duties of a trustee, with certain exceptions not here relevant.

Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b) or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made....

A threshold question, therefore, is whether ACB and Bond are "insiders" as provided in Section 547(b)(4)(B).

Section 101(30) of the Bankruptcy Code defines the term "insider" to include:

> (B) If the debtor is a corporation—
>
> (i) director of the debtor;
>
> (ii) officer of the debtor;
>
> (iii) person in control of the debtor;
>
> (iv) partnership in which the debtor is a general partner;
>
> (v) general partner of the debtor; or
>
> (vi) relative of a general partner, director, officer, or person in control of the debtor....

It is undisputed in this case that Bond is an insider of the Debtor as an officer, director and shareholder of the debtor. It is also clear ACB does not fall within the definition of an insider, either as expressly defined or as a "person in control of the debtor." *Wilson v. Huffman (In re Missionary Baptist Foundation of America, Inc.)*, 712 F.2d 206, 210 (5th Cir.1983); *Huizar v. Bank of Robstown (In re Huizar)*, 71 B.R. 826, 831 (Bankr.W.D.Tex.1987); *Coors of North Mississippi, Inc. v. Bank of Longview (In re Coors of North Mississippi, Inc.)*, 66 B.R. 845, 863 (Bankr.N.D. Miss.1986). No control of the Debtor or collusion with the Debtor by ACB was alleged or proven.

■ Having determined that ACB is a noninsider, but that Bond is an insider, the issue becomes more complex. An ongoing debate in bankruptcy case law has occurred in situations similar to this in which a transfer to a non-insider creditor less than one year prior to the filing of a bankruptcy

by the debtor benefits an insider who is also liable on the debt owed by the debtor to the non-insider creditor. For example, in *Coastal Petroleum Corp. v. Union Bank & Trust Co. (In re Coastal Petroleum Corp.)*, 91 B.R. 35 (Bankr.N.D.Ohio 1988), the Bankruptcy Court determined that a transfer to a non-insider creditor made more than ninety (90) days before but within one (1) year of the filing of the bankruptcy petition on a debt guaranteed by insiders constituted an avoidable preference under Section 547 which was recoverable from said creditor under Section 550 of the Code. The court cited *Levit v. Ingersoll Rand Financial Corp. (In re V.N. Deprizio Construction Co.)*, 86 B.R. 545 (N.D.Ill. 1988), and *Mixon v. Mid–Continent Systems, Inc. (In re Big Three Transportation, Inc.)*, 41 B.R. 16 (Bankr.W.D.Ark. 1983), in support of its conclusion. The reasoning for this position is stated in 4 Collier on Bankruptcy ¶ 547.04[1] at 547–31 (15th ed. 1988), as follows:

> A guarantor or surety for the debtor, or an endorser of notes or checks, will be a creditor under the Code because the guarantor holds a contingent claim against the debtor that becomes fixed when the guarantor pays the creditor whose claim was guaranteed or insured. Consequently, assuming that all other elements of a preference exist, transfers to a guarantor, surety, or indorser are avoidable as transfers "to" the "creditor" guarantor, surety, or indorser.
>
> More importantly, payments by a debtor directly to the obligee of a guaranteed obligation are avoidable as transfers not only *"to"* the creditor obligee, but also *"for the benefit of"* the creditor guarantor.

Other cases such as *Ray v. City Bank & Trust Co. (In re C–L Cartage Co.)*, 70 B.R. 928 (Bankr.E.D.Tenn.1987); *In re Aerco Metals, Inc.*, 60 B.R. 77 (Bankr.N.D.Tex. 1985); and *Schmitt v. Equibank (In re R.A. Beck Builder, Inc.)*, 34 B.R. 888 (Bankr.W.D.Pa.1983), have not allowed recovery against the non-insider creditor un-

der Section 550.[3] In *Aerco Metals*, a non-insider creditor received payment that benefitted an insider guarantor within one year prior to a bankruptcy filing. Judge McConnell assumed that a preference occurred, but held that the preference could be recovered only from the insider guarantor rather than the innocent non-insider creditor. The reason for this holding is again best summarized in 4 Collier on Bankruptcy ¶ 550.02 at 550–8 (15th ed. 1988) (footnotes omitted):

> In some circumstances, a literal application of section 550(a) would permit the trustee to recover from a party who is innocent of wrongdoing and deserves protection. In such circumstances the bankruptcy court should use its equitable powers to prevent an inequitable result. For example, if property is transferred to a good faith surety or endorser as consideration incidental to the guarantee of an antecedent debt of a creditor, and the surety subsequently pays the creditor, the property or its value should be recovered from the creditor for whose benefit the transfer was made rather than from the surety or endorser to whom the transfer was made. Likewise, if a transfer is made to a creditor who is not an insider more than 90 days but within one year before bankruptcy and the effect is to prefer an insider-guarantor, recovery should be restricted to the guarantor and the creditor should be protected. Otherwise, a creditor who does not demand a guarantor can be better off than one who does.

In this case, however, the Debtor is not the primary obligor on the debt owed to ACB, but has been made liable on the debt solely by its failure to respond to a garnishment suit originally filed by ACB to collect a judgment owing by Bond to ACB. Similarly, Bond is not a mere guarantor, endorser or surety since he is the person primarily liable on the judgment debt.

This factual distinction removes this case from the ongoing case law controversy.

The rationale of the *Coastal Petroleum* and *V.N. Deprizio Construction* cases is that an insider who is a guarantor or surety for the debtor is benefitted when the debtor pays a non-insider creditor the claim which the insider has guaranteed or insured. The insider is benefitted since he holds a contingent claim against the Debtor that becomes fixed if and when he pays the non-insider creditor the claim which the insider has guaranteed or insured. In this case, however, Bond has no contingent claim against the Debtor for payment of ACB since he is not a guarantor, endorser or surety. Rather, Bond is the primary obligor on this debt owing to ACB by virtue of a state court judgment obtained by ACB against Bond. In the event Bond pays this judgment, he will not have a contingent claim against the Debtor for contribution or indemnity which becomes fixed when he pays the claim of ACB. *See* 11 U.S.C. § 502(e)(1) (1982 & Supp. IV 1986). In addition, the *Debtor* would have an equitable right of indemnity against Bond, or would be pro tanto subrogated to the ACB judgment against Bond to the extent paid, in the event that it pays a portion of the judgment debt owed by Bond to ACB, since the debt is actually that of Bond to ACB and the Debtor has liability only as a garnishee.

■ Further, the perfection of ACB's lien on the assets of the Debtor took place, according to Texas law, on January 6, 1987, the date of service of the garnishment action on the Debtor. *Phillips v. MBank Waco, N.A. (In re Latham)*, 823 F.2d 108, 110 (5th Cir.1987). A transfer of property rights from the Debtor to ACB occurred, therefore, when the original writ of garnishment was served, an event which occurred more than one year prior to the filing of this bankruptcy case. The original garnishment, having been served more than one year prior to the Debtor's Chapter

**3.** *See also Goldberger v. Davis Jay Corregated Box Corp. (In re Mercon Industries, Inc.)*, 37 B.R. 549 (Bankr.E.D.Pa.1984); *Backhus v. Central Trust Co., N.A. (In re Duccilli Formal Wear, Inc.)*, 24 B.R. 699 (Bankr.S.D.Ohio 1982); *Bakst v. Schilling (In re Cove Patio Corp.)*, 19 B.R. 843 (Bankr.S.D.Fla.1982); and *Seeley v. Church Bldgs. and Interiors, Inc. (In re Church Bldgs. and Interiors, Inc.)*, 14 B.R. 128 (Bankr.W.D. Okla.1981).

11 filing, cannot constitute a preference even against an insider since it occurred more than one year prior to the filing of this case. The later garnishment actions were merely attempts to enforce the original writ of garnishment.

■ Alternatively, if Bond is deemed to have a contingent claim against the Debtor which matures if and when he pays the judgment to ACB, this Court will adopt the reasoning of *Aerco Metals* and *C–L Cartage* which hold that even if the transfer constituted a preferential transfer for purposes of Section 547(b), it would be inequitable to allow recovery to the Debtor under Section 550 where the initial transferee is not an insider and where payments to it were not made within ninety (90) days of filing. *In re C–L Cartage Co., supra* at 934; *In re Aerco Metals, Inc., supra* at 82; *In re Mercon Industries, Inc., supra* at 552–553; 4 Collier on Bankruptcy ¶ 550.02 at 550–8 (15th ed. 1988).

For all the reasons stated in this Opinion, the Court holds that the post-judgment garnishments by ACB of the depository banks do not constitute avoidable preferences which are recoverable by the Debtor under Sections 547 and 550 of the Bankruptcy Code.

Pursuant to Bankruptcy Rule 7052, this Opinion shall constitute the findings of fact and conclusions of law by the Court. A take nothing judgment in favor of ACB will be rendered contemporaneously herewith.