**In re NORCO FOOD SYSTEMS, INC., Debtor.**

**James Oliver CARTER, Trustee in Bankruptcy for Norco Food Systems, Inc., Plaintiff,**

v.

**Ethel H. HAMMOND, Joseph G. Priest, and Lawrence Dean Leath, Defendants.**

**Bankruptcy No. 86–70490–ATS.**
**Adv. No. S–88–0102–AP.**

United States Bankruptcy Court,
E.D. North Carolina.

April 20, 1990.

**234**

James Oliver Carter, Wilmington, N.C., for trustee.

Gary H. Clemmons, New Bern, N.C., for Ethel H. Hammond.

Ocie F. Murray, Jr., Fayetteville, N.C., for Lawrence Dean Leath.

### ORDER CONCERNING RIGHT TO JURY TRIAL

A. THOMAS SMALL, Bankruptcy Judge.

This is an adversary proceeding to avoid a preferential transfer of real property brought by the debtor's chapter 7 trustee, James Oliver Carter. The trustee seeks to recover the property or its value from the defendant, Ethel H. Hammond (the initial transferee), and from Mrs. Hammond's transferee, Lawrence Dean Leath.[1]

The defendants had not filed proofs of claim in this case and the court previously granted the defendants' request for a jury trial. The plaintiff now contends, however, that there is no longer any dispute with respect to his allegations under § 547 and there are no issues under § 547(b) for a jury to try. The defendants acknowledge that there are no factual disputes remaining under § 547(b),[2] but maintain that a jury trial is still required with respect to Mrs. Hammond's affirmative defense and counterclaim for the creation of a parol or resulting trust and with respect to Mr. Leath's defense under § 550(b) that he took the property for value, in good faith, and without knowledge of the transfer's voidability.

The court concludes that there are no issues to be tried by a jury under § 547(b), that Mrs. Hammond is not entitled to a jury trial with respect to her affirmative defense and counterclaim for the imposition of an equitable trust, and that Mr. Leath is not entitled to a jury trial with respect to his defense under § 550(b). The only possible factual issue to be decided by a jury is the value of the property, and that will only be an issue if the court should determine that the appropriate remedy under § 550(a) is the recovery of the value of the property transferred.

It is undisputed that Mrs. Hammond received a conveyance of real property from the debtor, Norco Food Systems, Inc., in December, 1985, to satisfy an antecedent debt within 90 days of bankruptcy. The parties agree that the requirements of § 547(b) are met and Mrs. Hammond has not raised a defense under § 547(c). Mrs. Hammond does, however, ask the court to impose a parol or resulting trust on the property for her benefit. It is her contention that when the property was initially purchased by the debtor in 1982, it was acquired not for the benefit of the debtor but for the purpose of providing a home for Mrs. Hammond's great grandchildren. It is further alleged that the debtor agreed to that arrangement and that Mrs. Hammond provided all of the funds to make the purchase. According to Mrs. Hammond, she made the down payment as well as monthly mortgage payments, all totaling more than $42,000. In December of 1985, prior to the bankruptcy, the property was transferred by the debtor to Mrs. Hammond and later in March of 1986 was transferred by Mrs. Hammond to Mr. Leath.

■ The debtor's chapter 7 trustee brought this action against Mrs. Hammond and Mr. Leath to avoid the transfer from the debtor to Mrs. Hammond under § 547

---

1. The complaint alleges preferential and fraudulent transfers of two tracts of land. The court granted summary judgment in favor of the trustee as to the transfer of one tract and at the final pretrial conference the trustee agreed to dismiss all of the fraudulent transfer counts. All that remains is an action to avoid a preferential transfer.

2. Counsel for Mrs. Hammond conceded this at the final pretrial conference. Neither Mr. Leath nor his attorney attended the pretrial conference, but during a subsequent telephone conference on April 12, 1990, counsel agreed that there remained no factual disputes under § 547(b).

and to recover the property or a money judgment for the value of the property from the defendants. Both Mrs. Hammond and Mr. Leath, neither of whom filed a proof of claim, are entitled to a jury trial with respect to the trustee's preference action to recover a money judgment. *In re Ben Cooper Inc.*, 896 F.2d 1394 (2d Cir. 1990); *In re North Carolina Hospital Ass'n Trust Fund*, 112 B.R. 759 (Bankr.E.D.N.C.1990); *In re Kroh Brothers Development Co.*, 108 B.R. 710 (Bankr.W.D.Mo. 1989). The preferential transfer issues, however, have been conceded by the defendants and there are no factual disputes to try under § 547. Only three issues remain: first, whether Mrs. Hammond is entitled to a parol or resulting trust in the property; second, under § 550(a) what is the appropriate remedy and from whom (if the remedy is a money judgment) may it be collected; and, third, if the remedy is a money judgment, what is the amount of the recovery. There is no right to a jury trial with respect to the first two issues, but a jury trial may be required as to the third.

■ Mrs. Hammond's request for the imposition of a parol or resulting trust is clearly a request for equitable relief. *See Cohn v. Chapman*, 62 N.C. 92 (1867); *Holden v. Strickland*, 116 N.C. 185, 21 S.E. 684 (1895). It is equally clear that issues which sound in equity, where the relief sought is equitable in nature, do not fall within the ambit of the Seventh Amendment right to a jury trial. *Grandfinanciera v. Nordberg*, —— U.S. ——, 109 S.Ct. 2782, 2790, 106 L.Ed.2d 26 (1989). *Katchen v. Landy*, 382 U.S. 323, 336, 86 S.Ct. 467, 476, 15 L.Ed.2d 391 (1966). The fact that Mrs. Hammond's prayer for relief asks for a money judgment by way of her counterclaim does not change this result, since proof of that claim is directly dependent upon proof of her equitable cause of action. Because her claim is for equitable relief, she has no right to a jury trial on that issue.

■ Mr. Leath also has no right to a jury trial under § 550(b). Once it is established that the transfer may be avoided under § 547, § 550(a) provides that the trustee may recover the property transferred or "if the court so orders" the value of the property from the initial transferee or any immediate or mediate transferee of the initial transferee. It is the court in its judicial discretion, not a jury, which decides whether the trustee is entitled to a money judgment under § 550(a) and if so from whom. *See In re General Industries, Inc.*, 79 B.R. 124, 135 (Bankr.D.Mass.1987), citing *Cooper v. Ashley Communications, Inc.*, 75 B.R. 619 (Bankr.W.D.N.C.1987); *Armstrong v. Vedaa*, 49 B.R. 409, 411 (Bankr.D.N.D.1985); *In re Duccilli Formal Wear, Inc.*, 24 B.R. 699, 8 B.C.D. 1180 (Bankr.S.D.Ohio 1982); 4 L. King, *Collier on Bankruptcy* ¶ 550.02 at 550.-6–8 [15th ed. 1989]. *See also, In re Vann*, 26 B.R. 148 (Bankr.S.D.Ohio 1983).

Section 550(b)(1) limits that discretion to the extent that the trustee may not recover from a transferee, other than the initial transferee, if the transferee takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided. The trustee may also not recover from a subsequent good faith transferee. § 550(b)(2).

Mr. Leath contends that he is a transferee of the initial transferee (Mrs. Hammond) and is protected by § 550(b)(1). Whether or not he is entitled to that protection is a matter for the court to assess as part of its consideration of the appropriate relief to award.[3] It is not a matter for the jury.

---

3. Some courts have indicated that the courts must consider the equities in determining the proper remedy. *See In re Harbour*, 845 F.2d 1254, 1256–58 (4th Cir.1988); *Matter of Midwestern Companies, Inc.*, 102 B.R. 169, 171–73 (W.D.Mo.1989), *appeal filed*, No. 89–1877–MM (8th Cir. May 17, 1989); *In re C–L Cartage Co.*, 70 B.R. 928, 933–34 (Bankr.E.D.Tenn.1987); *In re Aerco Metals, Inc.*, 60 B.R. 77, 82 (Bankr.N.D. Tex.1985); *In re Mercon Industries, Inc.*, 37 B.R. 549, 553 (Bankr.E.D.Pa.1984); *In re Duccilli Formal Wear, Inc.*, 8 B.C.D. 1180, 24 B.R. 699 (S.D. Ohio 1982); *In re Cove Patio Corp.*, 19 B.R. 843, 844 (Bankr.S.D.Fla.1982); 4 L. King, *Collier on Bankruptcy* ¶ 550.02 at 550–8 [15th ed. 1989]; D. Katzen, "*Deprizio* and Bankruptcy Code Section 550: Extended Preference Exposure Via Insider Guarantees, and Other Perils of Initial Trans-

The final issue for consideration is the amount of a money judgment if the court decides that the trustee should recover the value of the property transferred. The parties have not indicated any agreement concerning the value of the property and consequently that factual dispute may have to be resolved. This would certainly be the type of factual issue to be decided by a jury, and should it become necessary to determine the value of the property a jury will be impaneled to decide that limited issue.

Accordingly, this court's prior order allowing a jury trial is modified to provide that the only issue to be tried by a jury shall be the value of the property transferred in the event that the court orders that the trustee recover a money judgment.

SO ORDERED.

feree Liability," 45 Bus.Law. 511, 514–16 (1990). *See also,* V. Countryman, "The Trustee's Recovery in Preference Actions," 3 Bankr.Dev.J. 449, 464 (1986). *But see, Levit v. Ingersoll Rand*

*Financial Corporation,* 874 F.2d 1186, 1197–98 (7th Cir.1989) (equitable considerations are not properly interposed where statutory language is clear).